# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANANT KUMAR TRIPATI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHARMACORR, )<br>)<br>Defendant. ) | Case No. CIV-13-547-R |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se Arizona inmate, initiated an action under 42 U.S.C. § 1983 alleging that PharmaCorr, an Oklahoma corporation, dispensed pharmaceuticals to his correctional institution, and in turn to him, in such a manner as to violate Oklahoma state law and Plaintiff's constitutional rights under the Eighth Amendment. Doc. 1, at 1-2, 4-7.[1] United States District Court Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned granted Plaintiff's motion for leave to proceed in forma pauperis, Docs. 2, 5, and Defendant seeks revocation of that order based on Plaintiff's previously acquired "three strikes." Doc. 15. Plaintiff has responded to the motion, Doc. 19, and Defendant replied, Doc. 21. The undersigned recommends granting Defendant's motion and

---

[1] All page citations refer to the court's CMECF pagination.

requiring Plaintiff to pay the full $400 filing fee before he is allowed to proceed further with this action.

I. **Analysis.**

   A. **The law.**

The Prison Litigation Reform Act's (PLRA) "three strikes" provision was "'designed to bring [prisoner] litigation under control.'" *Childs v. Miller*, 713 F.3d 1262, 1264-65 (10th Cir. 2013) (citation omitted); *see* 28 U.S.C § 1915(g). That statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision "'requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals.'" *Childs*, 713 F.3d at 1265 (citation omitted).

   B. **Application of the law.**

Defendant argues that Plaintiff has accrued well over "three strikes," Doc. 15, at 2-3, and the undersigned agrees. In fact, after investigation it is obvious that Plaintiff's litigation has been so prolific that examination of all

2

his cases would be too cumbersome. A search of Public Access to Court Electronic Records, for example, reveals that Plaintiff has filed at least twenty-two civil cases since the PLRA was enacted in 1995.[2] Suffice it to say, Plaintiff's "three strikes" have been well documented in other districts. *See, e.g., Tripati v. Hale*, No. 2:13-cv-830, 2013 WL 4054627, at *1 (W.D. Pa. Aug. 12, 2013) (unpublished order) (denying Anant Kumar Tripati in forma pauperis status and requiring prepayment of the $400 filing fee because "[t]here is no question that Plaintiff has accrued at least three strikes under § 1915(g)'s three strikes rule" and citing five cases wherein Plaintiff earned a "strike"). Even the United States Supreme Court will no longer accept Plaintiff's filings without prepayment of the fees. *See Tripati v. Schriro*, 124 S. Ct. 2182, 2182 (2004) ("As [Anant Kumar Tripati] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid.").

Plaintiff does not dispute Defendant's assertion that he has accrued "three strikes." Instead, Plaintiff argues that he is entitled to proceed in

---

[2] *See* https://pacer.uspci.uscourts.gov/view?rid=eg1v4Yk91yUjl0dozdsbn ANYpu6l8lPXu7Yy8fa3&page=1&cs_type=cv; *see also United States v. Pursley,* 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

3

forma pauperis because he was in "imminent danger." Doc. 19, at 1. The undersigned disagrees.

As noted above, the "three strikes" rule does not apply to prisoners under "imminent danger of physical harm." 28 U.S.C. § 1915(g). However, to meet that exception, Plaintiff must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). Further, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs, Inc.* __ F.3d.__, No. 11-1959, 2013 WL 4309118, at *4 (6th Cir. Aug. 16, 2013) (quotation omitted).

In his complaint, Plaintiff alleges that PharmaCorr is responsible for filling the prescriptions at his current facility, and has dispensed "meds which in combination have adversely impacted [his] serious medical needs causing increased tremors, shakes, chills, pain, drowsiness, etc." Doc. 1, at 1-2. Plaintiff's overall complaint is that PharmaCorr has "failed to exercise the degree of skill, care and learning expected of prudent pharmacists . . . ." *Id.* at 4. The undersigned finds that these allegations fail to demonstrate that at the time Plaintiff filed his complaint, PharmaCorr was the proximate cause of any imminent physical danger to Plaintiff. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (finding that where the named defendant

4

lacked any control over plaintiff's physical care, the inmate could not satisfy the "imminent danger" requirement for purposes of bypassing the prepayment of filing fees).

For example, Plaintiff does not suggest that PharmaCorr *prescribed* his medications. Thus, if Plaintiff was in imminent physical danger from his medications, the responsibility rested with Plaintiff's prison physicians – not the corporation that dispensed prescriptions.

Additionally, Plaintiff does not establish that the corporation dispensed to him any medications other than those the prison physicians prescribed. Indeed, the closest Plaintiff comes to such an allegation is a one sentence comment that PharmaCorr "fill[s] wrong meds." Doc. 1, at 6. But Plaintiff does not specifically allege that PharmaCorr gave *him* the wrong medication. As it relates to Plaintiff's claim of "imminent danger," his fleeting allegation is too conclusory. *See Hafed*, 635 F.3d at 1180 (stating that plaintiff's "allegations of imminent harm are vague and conclusory, and they do not satisfy the imminent-danger exception to the three-strikes rule").

Because PharmaCorr was not the proximate cause of any imminent physical danger to Plaintiff, resolution of the present action without prepayment of fees would not alleviate Plaintiff's perceived "imminent danger." *See, e.g., Day*, 200 F.3d at 667; *see also Smith v. Woods*, No. 07-3057-MLB, 2009 WL 528687, at *2 (D. Kan. Mar. 2, 2009) (unpublished

5

order) (rejecting plaintiff's allegation of imminent danger for purposes of bypassing prepayment of the filling fee on grounds that the named defendant lacked any control over plaintiff's alleged danger because plaintiff was "not in the same facility as defendant") (citing *Day*, 200 F.3d at 667). Accordingly, the undersigned finds that Plaintiff's in forma pauperis status should be revoked and Plaintiff should pay the full filing fee before proceeding further in this action.

## II.  Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that Plaintiff has previously acquired "three strikes" and the only named defendant – PharmaCorr – was not the proximate cause of any imminent physical danger to Plaintiff when he filed his complaint. Accordingly, the court should grant Defendant's motion to revoke Plaintiff's in forma pauperis status, Doc. 15, and order Plaintiff to pay the full $400 filing fee within twenty days from the date of any order adopting this report and recommendation. Plaintiff should also be cautioned that failure to make the necessary payment will result in dismissal without prejudice of the entire action.

Plaintiff is advised of his right to file an objection to this report and recommendation with the Clerk of this Court by September 25, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to timely object to this report and recommendation

waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 5th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE