## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANANT KUMAR TRIPATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-547-R |
| | ) | |
| PHARMACORR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant PharmaCorr's motion requesting an order revoking Plaintiff Anant Kumar Tripati's *in forma pauperis* status in this action under 42 U.S.C. § 1983. [Doc. No. 15]. This case was referred in its entirety to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation concerning Defendant's motion on September 5, 2013, to which Plaintiff has timely objected. [Docs. No. 22, 23]. Defendant PharmaCorr then filed its response to Plaintiff's objections. [Doc. No. 24]. Upon *de novo* review of the record, the Court agrees with the Report and Recommendation and rules that Defendant's motion to revoke Plaintiff's *in forma pauperis* status should be GRANTED.

Plaintiff Anant Kumar Tripati is a frequent filer who is currently incarcerated in an Arizona prison. Plaintiff is suing PharmaCorr, an Oklahoma corporation, for filling the various prescriptions Plaintiff was given by his prison doctors. Plaintiff alleges that the mixture of prescribed medications has caused him certain adverse reactions. The Court initially granted Plaintiff leave to proceed *in forma pauperis* in this matter. This caused

Defendant to file a motion requesting an order revoking Plaintiff's *in forma pauperis* status because he has three strikes against him under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

During his time in prison, Plaintiff has apparently filed numerous suits in numerous jurisdictions against numerous defendants, and his abuse of court process is well-documented. *See Tripati v. Schriro*, 124 S. Ct. 2182, 2182 (2004) ("As [Anant Kumar Tripati] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from [him] unless the docketing fee . . . is paid."); *Tripati v. Hale*, No. 2:13-cv-830, 2013 WL 4054627, at *1 (W.D. Pa. Aug. 12, 2013) (unpublished order) (stating that "[t]here is no question that [Anant Kumar Tripati] has accrued at least three strikes under § 1915(g)'s three-strike rule"). Because Plaintiff has received three strikes under § 1915(g), his only chance at proceeding *in forma pauperis* in this case involves a showing of "imminent danger of serious physical injury."

As stated in the Report and Recommendation, to meet the only exception to the prepayment requirement in § 1915(g), Plaintiff must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). This is a limited exception that is only available "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001).

Judge Mitchell recommended that Plaintiff's *in forma pauperis* status be revoked due to his inability to show that he was experiencing imminent danger of serious physical harm proximately caused by Defendant. This is due to the fact that Plaintiff's medications were prescribed by his prison doctors, not by Defendant. Specifically, Judge Mitchell stated, "if Plaintiff was in imminent physical danger from his medications, the responsibility rested with Plaintiff's prison physicians—not the corporation that dispensed prescriptions." [Doc. No. 22, at 5].

In his objections, Plaintiff argues that Defendant is the proximate cause of his alleged imminent danger because it is Defendant's responsibility as the dispenser of his prescription medications to ensure the safety of the interaction of the medications prescribed to him by his prison doctors. Plaintiff apparently attempts to sidestep the fact that only his prison doctors as the prescribers of his medications have the potential to place Plaintiff in any perceived "imminent danger" resulting from a mixture of medications by prescribing medications for Plaintiff that should not be taken together. Therefore, despite Plaintiff's objections, the Court agrees with Judge Mitchell that Plaintiff cannot show any imminent danger proximately caused by Defendant such that he should be able to proceed without the prepayment of fees.

Moreover, in his objections, Plaintiff states that "[o]nce [he] stopped all the 'medication dispensed by defendant' those pain [sic] have gone away." [Doc. No. 23, at 2]. Essentially, Plaintiff is stating that he is no longer experiencing any of the adverse reactions that his prescribed medications allegedly caused him at some point in the past. Thus, the Court finds that by definition, Plaintiff's allegations of "imminent danger" do

not amount to what is required to meet this limited exception under § 1915(g). *See Cosby v. Gray*, 124 F. App'x 595, 596-97 (10th Cir. 2005) (noting that a plaintiff could not proceed *in forma pauperis* under the § 1915(g) exception because he could not show that physical harm would arise if legal action was not immediately taken); *Abdul-Akbar*, 239 F.3d at 315 ("Imminent dangers are those dangers which are about to occur at any moment or are impending." (internal quotation marks omitted)).[1]

Accordingly, the Report and Recommendation entered September 5, 2013 [Doc. No. 22], is ADOPTED. Defendant's motion seeking an order revoking Plaintiff's *in forma pauperis* status [Doc. No. 15] is GRANTED. Plaintiff's *in forma pauperis* status is hereby REVOKED. Plaintiff is ORDERED to pay the full $400 filing fee within twenty days from the date of entry of this Order. Plaintiff is cautioned that failure to pay the filing fee within twenty days from the date of this Order's entry will result in dismissal of this entire action without prejudice.

IT IS SO ORDERED this 10th day of October, 2013.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] It is noteworthy that Plaintiff recently attempted to sue other defendants, presumably his prison doctors and other prison officials, in Pennsylvania federal court. *See Hale*, 2013 WL 4054627. In that case, Plaintiff attempted to show imminent danger of physical harm so that he could proceed in forma pauperis by making the same argument he has made in this case—his alleged experience of adverse reactions caused by his various prescription drugs. *Id.* at *1. The Western District of Pennsylvania found that by making this argument, Plaintiff was essentially disagreeing with the quality of his medical care. *Id.* at *2. Citing *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), the court held that Plaintiff could not meet the "imminent danger" exception because disagreement with the quality of medical care is not sufficient to satisfy the exception. *Id.*