## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANANT KUMAR TRIPATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-547-R |
| | ) | |
| PHARMACORR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Anant Kumar Tripati's Motion to Reconsider the Court's previous Order revoking Plaintiff's *in forma pauperis* status. Doc. No. 27. Also before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation, which recommends that the Court dismiss Plaintiff's suit for failure to pay the filing fee. Doc. No. 26. For the reasons stated herein, the Court DENIES Plaintiff's Motion to Reconsider, and ADOPTS Judge Mitchell's Report and Recommendation. Plaintiff's case is hereby DISMISSED.

The Court previously granted Defendant PharmaCorr's motion requesting that Plaintiff's *in forma pauperis* status be revoked. In doing so, the Court noted that Plaintiff is a well-documented frequent filer who has accrued three strikes under 28 U.S.C. § 1915(g). Moreover, the Court determined that Plaintiff could not show that he was suffering "imminent danger of serious physical harm," meaning that he could not proceed without the prepayment of the filing fee. *See* Doc. No. 25.

Plaintiff has now filed a Motion to Reconsider, in which he argues that the Court's Order determining that he was not suffering "imminent danger" was incorrect for two reasons. First, Plaintiff argues that the Court was incorrect in determining that Defendant's pharmacists were not the proximate cause of any alleged danger caused by the prescription drugs that his prison doctors prescribed for him. Plaintiff's only support for this argument comes in the form of articles written by professors associated with Hamdard University in New Delhi, India, and University of Ulster in Northern Ireland, United Kingdom. Plaintiff's argument is unconvincing, and the authority Plaintiff submits in support of his argument is inadequate.

Next, Plaintiff argues that while he previously had stopped taking his prescription medications and was feeling better, his condition worsened, allegedly forcing him to start taking all of the medications again. This has apparently caused him to suffer the same adverse reactions he was suffering before he stopped taking the medications. Regarding this, the Court did previously state that Plaintiff could not show he was suffering "imminent danger" in part because he had stopped taking the medications that were allegedly causing him to suffer adverse reactions. But the Court finds it ludicrous that Plaintiff presumably thinks that by starting to take all of his medications once again—and suffering the adverse reactions that come along with taking those medications—he will be able to proceed under the "imminent danger" exception found in § 1915(g).[1] Therefore, the Court will DENY Plaintiff's Motion to Reconsider in its entirety.

---

[1] Plaintiff may even be somewhat aware of the specific drugs that are causing him problems. Plaintiff has filed three separate suits stemming from his alleged adverse reactions to his prescription drugs, and his complaints in both this suit and the suit against his prison doctors contain specific allegations that a number of his medications are

The Court will also ADOPT Judge Mitchell's Report and Recommendation recommending that this case be dismissed due to Plaintiff's failure to pay the filing fee he was previously ordered to pay. In revoking Plaintiff's *in forma pauperis* status, the Court ordered Plaintiff to pay the full $400 filing fee within twenty days from the date the Order was entered. Plaintiff's deadline to pay the filing fee was October 30, 2013, and it is now December 19, 2013. Thus, Plaintiff is well past the deadline for paying the filing fee. As Judge Mitchell stated, this is grounds for dismissal. *See* Doc. No. 26, at 2 (citing *Smith v. Veterans Admin.*, 636 F.3d 1306, 1308-1309, 1315 (10th Cir. 2011); *Clay v. Canadian Cnty. Jail*, 515 F. App'x 763, 763-64 (10th Cir. 2013)).

Plaintiff's objections to the Report and Recommendation basically repeat the arguments he made in his Motion to Reconsider. Essentially, Plaintiff argues that the Report and Recommendation is incorrect in recommending that his case be dismissed, because Plaintiff has shown in his Motion to Reconsider that he is suffering "imminent danger of serious physical harm" such that he can proceed without the prepayment of fees under § 1915(g). As discussed above, though, Plaintiff's argument concerning the "imminent danger" exception in § 1915(g) is wholly without merit.

Accordingly, Plaintiff's Motion to Reconsider is DENIED in its entirety. Judge Mitchell's Report and Recommendation is ADOPTED, and Plaintiff's case is hereby DISMISSED.

---

duplicates. *See* Doc. No. 1, at 4-5; Doc. No. 29, Ex. 3, at 9. Despite this, Plaintiff does not assert in this case that he has even attempted to resolve the problem by requesting a change to his prescriptions. Instead, Plaintiff states that he has been forced to start retaking all of his medications and suffer the consequences. This is completely illogical, and certainly not a situation that falls within the ambit of the "imminent danger" exception.

IT IS SO ORDERED this 19th day of December, 2013.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE